U, S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 7 2009

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

MCR MARKETING, L.L.C.

versus

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

CIVIL NO. 08-1137
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion to set aside default filed by Michael G. Loggins ("Loggins") pursuant to Federal Rule of Civil Procedure 55(c). See Record Document 52. Based on the following, Loggins's motion to set aside default is **GRANTED** .

## I. BACKGROUND

On August 6, 2008, MCR Marketing, L.L.C. ("MCR") filed this diversity suit in the Western District of Louisiana. On October 22, 2008, Loggins signed a waiver of service of summons, which was entered into the record on December 5, 2008. See Record Document 18. This document stated: "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon [MCR] within 60 days after September 19, 2008." Id. Nevertheless, Loggins failed to timely respond.

1

On December 29, 2008, MCR filed a request for entry of default against Loggins. See Record Document 36. In its request, MCR stated: "To date, Plaintiff, nor this Court, has received no document, pleading or other response from [Loggins]. [He] has [not] deposited any appearance, answer, defense, or otherwise with this Court." Id. On December 30, 2008, the Clerk of Court filed a "Notice of Entry of Default" into the record against Loggins. See Record Document 37. MCR then filed a motion for default judgment against Loggins on January 12, 2009. See Record Document 40. The next day, Loggins attempted to answer the complaint, but his pleading was rejected as deficient.[1] See Record Documents 43 and 44. Within the delay to correct the deficiency, Loggins filed his "Motion to Set Aside Default," which is now before the court. See Record Document 52.

## II. LAW AND ANALYSIS

### A.  Default Language Introduction.

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a). After the defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).

---

[1]Loggins's answer was deficient as the only pleading permissible from a party in default is a motion to set aside the default.

**B.  Standard Of Review.**

Under Rule 55(c), a court may set aside an entry of default if the party seeking relief shows "good cause." Generally, good cause has been interpreted liberally. See Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003). "Three factors are examined for determining 'good cause' *vel non*: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." Id. A "willful default" is an intentional failure to respond to litigation. See In re OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008).

These factors are not "talismanic" nor exclusive. See Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). Courts should rely on other factors such as whether "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." Id. If a court finds an intentional failure of responsive pleadings, there need be no other finding. See id. Nevertheless, the "ultimate inquiry remains whether the defendant shows good cause' to set aside the default." CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992). "In light of the general disfavor of default judgments, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" In re OCA, Inc., 551 F.3d at 371.

**C.  Good Cause.**

In support of his motion to set aside default, Loggins merely stated: "Defendant

requests that the deficiency and default judgment entered against him on 12/30/08 be set aside and a new trial order[ed] for the reason that his Texas based attorney[2] didn't advise him of the need for this Motion, this Motion is not sought for delay, but that justice can be done." Record Document 52. While this bare-bones statement does not directly address any of the above-mentioned factors, it arguably satisfies the liberal "good cause" standard under Rule 55(c).

In this instance, Loggins acted expeditiously to correct the entry of default, filing his deficient answer just one day after MCR filed its motion for default judgment. The court will assume that his initial failure to respond was not willful. Although Loggins failed to present any defense, let alone a meritorious one, it is unlikely that MCR will be unduly prejudiced by setting aside the entry of default.

### III. CONCLUSION

Based on the foregoing analysis, Loggins met the liberal "good cause" standard under Rule 55(c) of the Federal Rules of Civil Procedure. Accordingly, Loggins's motion to set aside default (Record Document 52) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this _16th_ day of March, 2009.

JUDGE TOM STAGG

---

[2]Loggins filed the instant motion pro se and no counsel has enrolled in the case on his behalf.

4