RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3/17/09
by

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MCR MARKETING, L.L.C.

versus

CIVIL NO. 08-1137
JUDGE TOM STAGG

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

## MEMORANDUM ORDER

MCR Marketing, L.L.C. ("MCR") filed its complaint with this court on August 6, 2008, asserting diversity jurisdiction. See Record Document 1. On September 19, 2008, MCR amended its complaint to more accurately name several of the defendants. See Record Document 3. Despite its amended complaint, MCR's jurisdictional allegations are insufficient to establish complete diversity. The court has a duty to raise the issue of subject matter jurisdiction sua sponte. See H&D Tire and Auto-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326, 328 (5th Cir. 2000).

Despite the use of "LLC" after its name, MCR alleged in its complaint that it is "a Louisiana corporation domiciled in this Parish of De Soto and State of Louisiana." Record Document 1. Accordingly, it is unclear whether MCR is a limited liability company or a corporation. In either case, MCR's assertion is insufficient to establish its citizenship for diversity purposes. "[T]he citizenship of

1

a LLC is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). If MCR is actually a limited liability company and its members are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules applicable to each entity, and the citizenship must be traced through however many layers of members or partners there may be. See Feaster v. Grey Wolf Drilling Co., No. 07-0879, 2007 WL 3146363 (W.D. La. Oct. 25, 2007).

In its amended complaint, MCR alleged that Regency Worldwide Development, L.L.C. is an Alabama corporation domiciled in the County of Montgomery, State of Alabama. See Record Document 3 at 2. Again, it is unclear whether this entity is a limited liability company or a corporation. MCR also alleged that Regency Worldwide Services, Inc. is an Alabama corporation domiciled in the County of Pike, State of Alabama and that International Terminal, Inc. is a Texas corporation domiciled in the County of Brazoria, State of Texas. See id. While these entities seem to be corporations, MCR has failed to meet the requirements of 28 U.S.C. § 1332(c)(1).

The burden of establishing subject matter jurisdiction rests on the party seeking it. Thus, MCR is instructed to file a second amended complaint to specify the

citizenship of all parties.[1] To avoid dismissal, the second amended complaint must be filed on or before April 10, 2009.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of March, 2009.

_____
JUDGE TOM STAGG

---

[1] Most parties voluntarily provide their citizenship information. If the defendants do not do so, MCR is granted leave to conduct discovery on that issue.