RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5 / 25 / 09
BY DM

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MCR MARKETING, L.L.C.

versus

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

CIVIL NO. 08-1137
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court are two motions for default judgment filed by the plaintiff, MCR Marketing, L.L.C. ("MCR") pursuant to Rule 55 of the Federal Rules of Civil Procedure. See Record Documents 40 and 41. In the first, MRC seeks a default judgment against International Terminal Inc. ("ITI"), Felipe Teran ("Teran"), and Michael Loggins ("Loggins"). See Record Document 40. In the second, MCR seeks a default judgment against Regency Worldwide Services, Inc. ("Regency"). See Record Document 41. Based on the following, MCR's first motion for default judgment is **GRANTED** in part and **DENIED** in part and MCR's second motion for default judgment is **GRANTED**.

## BACKGROUND[1]

On August 6, 2008, MRC filed its federal complaint against ITI, Teran,

---

[1] A more detailed narration of the facts can be found in this court's prior memorandum ruling dated March 18, 2009. See Record Document 64.

Loggins, Regency, Terry Hester ("Hester") and Thomas Finlay ("Finlay"). See Record Document 1. Although Hester and Finlay responded with a Rule 12(b) motion, the other defendants failed to respond to the complaint. On December 5, 2008, MCR returned executed waivers of service signed by Regency, Loggins, ITI, and Teran. See Record Documents 17-20. Nevertheless, these defendants failed to answer or file Rule 12(b) motions. On December 30, 2008, the Clerk of Court filed an entry of default against these parties into the record. See Record Document 37. After waiting the required ten days, MRC filed its two motions for default judgment against Regency, Loggins, ITI, and Teran.

The following day, Loggins attempted to answer but the clerk's office rejected the answer as an impermissible filing.[2] See Record Documents 43 and 44. Loggins then filed a motion to set aside the entry of default. See Record Document 52. In a March 17, 2009 order, this court granted Loggins' motion to set aside the entry of default and his answer was immediately docketed into the record. See Record Documents 60 and 61. To date, Regency, ITI, and Teran have failed to respond to the complaint.

## ANALYSIS

**A.  Statement Of Damages.**

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who

---

[2]The only pleading permissible from a party in default is a motion to set aside the default.

has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. Pro. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. Pro. 55(b)(2).

MCR's motions for default judgment were referred to the clerk's office. MCR provided the court with a sworn statement of damages, which includes $87,720.00 for lost wages, $1,347.56 for legal fees, $3,826,124.00 for lost profits, $984,500.00 in unknown damages, and $3,000,000.00 in general damages. See Record Document 47, Ex. B. After review of the record, the court finds that this amount is not a sum certain or an amount that can be made certain by computation. Accordingly, the appropriate amount of damages is deferred until trial on the merits. If all other claims are resolved without the need for a trial, MCR may request a hearing to present evidence of damages.

**B.  Parties In Default.**

As mentioned above, this court set aside the entry of default against Loggins and he has now answered. Loggins is no longer in default. On the other hand, Regency, ITI, and Teran have failed to respond to the complaint or move to set aside the entry of default.

## CONCLUSION

Based on the foregoing analysis, MCR's first motion for default judgment (Record Document 40) is **GRANTED** in part and **DENIED** in part. The motion is granted as to ITI and Teran and denied as to Loggins. MCR's second motion for default (Record Document 41) is **GRANTED**.

The calculation of damages against ITI, Teran, and Regency, and the entry of

judgment, is deferred until after trial on the merits.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 29th day of May, 2009.

_____
JUDGE TOM STAGG