U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 1 0 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

MCR MARKETING, L.L.C.

versus

CIVIL NO. 08-1137
JUDGE TOM STAGG

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

## MEMORANDUM RULING

Before the court is a "Motion To Set Aside Default" filed by Felipe A. Teran ("Teran") pursuant to Federal Rule of Civil Procedure 60(b). See Record Document 52. Based on the following, Teran's motion to set aside default is **DENIED**.

### I. BACKGROUND

On August 6, 2008, MCR Marketing, L.L.C. ("MCR") filed this diversity suit in the Western District of Louisiana. On October 20, 2008, Teran signed a waiver of service of summons, which was entered into the record on December 5, 2008. See Record Document 18. This document stated: "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon [MCR] within 60 days after September 19, 2008." Id. Teran failed to respond.

On December 29, 2008, MCR filed a request for entry of default against Teran.

1

See Record Document 36. The next day, the Clerk of Court filed a "Notice of Entry of Default" into the record against Teran. See Record Document 37. MCR then filed a motion for default judgment against Teran on January 12, 2009.[1] See Record Document 40. Again, Teran failed to respond.

On May 29, 2009, this court granted MCR's motion for default judgment against Teran. See Record Document 88. On June 11, 2009, about five months after MCR moved for a default judgment, Teran filed the instant motion to set aside the default.[2] See Record Document 90.

## II. LAW AND ANALYSIS

### A. Default Language Introduction.

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a). After the defendant's default has been entered, plaintiff may

---

[1] In the same motion, MCR also moved for default judgment against Teran's co-defendant Michael Loggins ("Loggins"). Unlike Teran, Loggins attempted to answer the complaint the next day and filed a motion to set aside the entry of default within one week. See Record Documents 43 and 52. This court granted Loggins's motion partly due to his expeditious effort to correct the entry of default judgment. See Record Document 59 at 4.

[2] Teran's June 11, 2009 motion is almost identical to the Loggins's January 23, 2009 motion. Teran merely substituted his name in place of Loggins's. Despite their similarities, the timing of Teran and Loggins's motions are crucially distinct. While Loggins filed his motion before this court granted MCR's motion for default judgment against him, Teran waited until after the default judgment.

apply for a judgment based on such default. This is a *default judgment*." New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).

**B.    Standard Of Review.**

On motion and just terms, the court may relieve a party from a final judgment, order, or proceedings for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. See Fed. R. Civ. Pro. 60(b). Courts should consider the following factors to determine whether good cause exists to set aside a default judgment: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense was presented. See Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 119 (5th Cir. 2008). "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." Id. The court need not consider all of the above factors; it must simply regard them as a means of identifying circumstances which warrant the finding of good cause. See id.

**C.    Good Cause.**

In support of his motion to set aside default, Teran, like Loggins, merely stated: "Defendant requests that the deficiency and default judgment entered against him on 12/30/08 be set aside and a new trial order[ed] for the reason that his Texas based attorney[3] didn't advise him of the need for this Motion. This Motion is not sought for

---

[3]Teran filed the instant motion pro se and no counsel has enrolled in the case on his behalf.

delay, but that justice can be done." Record Document 90. Although the court held that this bare-bones statement satisfied the liberal "good cause" standard for Loggins under Rule 55(c), the same cannot be said for Teran under Rule 60(b).

After analyzing the relevant factors, it is evident that Teran's motion must be denied. First, his default must be considered willful. MCR filed its complaint on August 6, 2008. Teran never answered, filed a Rule 12 motion, or appeared (other than waiving service of summons) until June 11, 2009 and only after the court granted MCR's motion for default judgment against him. Second, Teran failed to present a single defense, let alone a meritorious one. Finally, Teran failed to act expeditiously to correct the default.

### III. CONCLUSION

Based on the foregoing analysis, Teran is not entitled to the requested relief under Rule 60(b). Accordingly, Terans's motion to set aside default (Record Document 90) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of August, 2009.

JUDGE TOM STAGG