IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| MCR MARKETING, LLC, | : | No. 5:08CV1137 |
| | : | |
| Plaintiff | : | |
| | : | |
| versus | : | JUDGE STAGG |
| | : | |
| REGENCY WORLDWIDE | : | |
| DEVELOPMENT, LLC DBA | : | MAGISTRATE JUDGE |
| REGENCY WORLDWIDE | : | HORNSBY |
| DEVELOPMENT, INC., et al | : | |
| | : | |
| Defendants | : | |

_____


**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS'
MOTION TO DISMISS DEFAULT JUDGMENT, MOTION TO SET ASIDE ENTRY OF
DEFAULT AND MOTION ACCEPT ANSWER**

_____

**NOW HERE COMES** Plaintiff, MCR MARKETING, LLC, by and through undersigned counsel, and file this Memorandum of Law in Opposition of Defendant's Motions for Dismissal of Default Judgment, Set Aside of Entry of Default and Acceptance of Answer, filed in this honorable Court by Defendant, Terry Hester:

**FACTS AND BACKGROUND**

This matter was filed on August 6, 2008 as a damage suit. The Plaintiff alleges several incidents of breach of contract, fraud, negligence and mishandling of several brokered contracts between the Defendants and Plaintiff's customers, cement purchasers.

Over the past 15 months this matter has proceeded with little progress. Initially, the Defendants, Terry Hester and Tom Finlay, enrolled counsel to fight the jurisdiction of this honorable court. On October 9, 2008, they filed a motion to dismiss and/or transfer the matter under the pretenses that this court lacked both personal jurisdiction and venue for the dispute. The court heard the argument of both sides via briefing and rendered a decision five months later on March 18, 2009 (Doc. 64) dismissing the motion and agreeing that the court had proper jurisdiction. The court also ordered the Plaintiff to amend its petition in order to properly clarify the diversity citizenship of the parties.

Over the subsequent few months, Plaintiff satisfied the requirements of the court's order and finally submitted an acceptable Amended Complaint on April 16, 2009. The court, in its order (Doc. 73), demanded that all parties submit their answers immediately and that the Plaintiff "promptly enter the default of the Defendants who have not yet answered."

On May 28, 2009, this honorable court entered an order illustrating that counsel for Hester and Finlay had withdrawn and that Finlay had filed an answer *pro se.* The order further indicated that Hester had filed a *notice*, but no answer. The court directed the Plaintiff to seek entry by default by June 22, 2009 and follow up with a judgment thereafter.

On June 15, 2009, Hester filed a deficient answer seeking to appear on behalf of "the Defendants," which included fellow Defendants, Regency Worldwide Services, Inc. and Regency Worldwide Development, LLC. In an order entered July 17, 2009 (Doc. 95), the court

- 3 -

struck the answer as to all parties based upon an improper cumulation of the defenses and ordered Hester to file an individual answer no later than August 3, 2009. The order also directed the Plaintiff to seek entry of default if no answer is filed.

Hester thereafter ignored the order of the court and failed to file an answer. After waiting adequate time and again expending time and effort to seek default, Plaintiff filed a request for entry of default on August 11, 2009 (Doc. 98), serving the same upon Hester by way of mail on the same date and verifying said service by affidavit of Jessica Reiser (Doc. 99). The court entered default on August 12, 2009 (Doc. 100) and ordered the Plaintiff to wait at least ten days before seeking a judgment by default. The Plaintiff allowed the delay to elapse and filed a Motion for Default Judgment on August 25, 2009 (Doc. 109), serving the same on Hester, as verified by the affidavit of Jessica Reiser (Doc. 110).

The court set a deadline of 15 days for the filing of an opposition to the Motion for Default Judgment filed, which elapsed on September 9, 2009. The Plaintiff filed a brief reply memorandum citing the Defendant's failure to oppose judgment by default on September 21, 2009 (Doc. 116). The court has yet to render a judgment, but the Defendant filed this untimely and late Motion seeking to vacate default and accept the answer, which the court already deemed invalid.

**LAW & ARGUMENT**

    **A) Law Concerning the Defendant's Right to Set Aside Default**

The Defendant's Motion, which is at dispute, truly seeks one major determination, which has not been decided by the court – whether or not the entry of default should be vacated and set

aside. This court has already determined that the purported "answer" filed on June 15, 2009 is unacceptable. Further, the court has not yet granted any judgment by default, which might be challenged by this Motion. Thus, the issue before the court is whether or not the default may be set aside.

The law is quite clear with regard to set asides. FRCP 55(c) provides that a court may set aside an entry of default if the party seeking relief shows "good cause." The court in In re OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008), provides a three part test for determining "good cause."[1] No procedural error has been alleged by Mr. Hester, who merely seeks a set aside under allegation that the court failed to notice its purported "answer."

Another seminal case of the 5th Circuit looks at the public interest, financial loss, and defendant's reaction time in determining whether "good cause" exists.[2] The factors should be weighed against a set aside when the case is of little public importance and the defendants show minor regard for its defense.

This court has previously met this motion twice in the instant proceedings. A motion to set aside filed by Mike Loggins immediately after entry of default and based upon an excuse that his local counsel failed to advise him of his proper rights, was granted using the court's

---

[1] The *OCA, Inc.* factors include (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.
[2] Dierchke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)

discretion.³ A motion filed by Felipe Teran (Doc. 90) was denied as it failed to meet the requirements of FRCP 55(c).⁴

### B) Argument Supporting Dismissal of Motions

Hester's entire argument supporting his Motions is based upon what he believes is a mistake entered by this honorable court. Unfortunately, this argument is invalid and directly controverted by the wording of the order issued on July 17, 2009 (Doc. 95).

**(1)** *No Good Cause*

Doc. 95 was a clear evaluation of the pleadings filed by Mr. Hester on June 15, 2009. The order ensures that the court has received the purported "answer," reviewed the document, and made a determination that it failed to meet the requirements of law. Specifically, the judge stated the following:

> "Terry Hester may not represent other parties, but he may file a pro se answer to the claims against him. The answer must be stricken because of the defects discussed above, but Hester will be allowed time to file an individual answer." (Doc. 95, Page 2 of 3)(emphasis ours)

Utilizing the discretion granted to the bench, and the power to strike items before the court on its own motion, the court properly determined that the documents filed by Mr. Hester

---

³ The court in the Loggin's Motion was clear to show that Mr. Loggins had shown "good cause" through relying on a local counsel and had filed timely enough as to not delay proceedings or cause prejudice to the Plaintiff. Plaintiff argues that *none* of these factors exist in the present motion.

⁴ The court offered no written reasons for the denial of Mr. Teran's motion to set aside, but it is clear from the circumstances that Mr. Teran failed to show "good cause."

were flawed and could not be accepted as an answer. This issue has already been decided and is *res judicata.* The court should not consider this "good cause" under any circumstances.

### *(2) Untimely Submission*

Furthermore, in order to allow the Defendant the many opportunities afforded to a defendant, the court has twice now extended the time in which Hester was permitted to answer these proceedings. Most recently (Doc. 95), Hester was granted time until August 3, 2009 in order to file an answer – again he failed to do so.

At the time Hester filed these motions, it had been more than two months since the court's entry of default. In accordance with the findings of Dierchke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992), the court should find that the delay in filing this motion is unacceptable, costly and prejudicial to the Plaintiff. Thus, the court should deny the motion.

### *(3) Willful Default*

Hester's continued unwillingness to participate in these proceedings and his inability to follow the rules and orders of this court have become extremely costly and time consuming for the Plaintiff. The delay of these proceedings has become unsavory, harmful and against the interests of justice.

Plaintiff believes that Hester's actions should be considered a "willful default" and under *OCA, Inc.*, the court should be unwilling to set aside the default which Plaintiff properly obtained, even after several warnings to the Defendant.

## (C) Alternative Award of Costs

In the event that this court does determine that the Defendant's Motion to Set Aside should be granted (which Plaintiff strongly opposes), Plaintiff requests that this court grant it

damages in the amount of no less than $1,500.00 for the filing of pleadings consistent with the order of the court on July 17, 2009.

## CONCLUSION

Plaintiff believes that this honorable court has already properly determined that the Defendant's purported "answer" was invalid. The court has given Defendant substantial opportunities to correct this error and file its answer – it has failed in this regard.

Defendants' filing of an untimely Motion to Set Aside *without "good cause,"* is prejudicial to the Plaintiff and should be stricken from this Court. These proceedings have been endlessly delayed by the Defendant's failures to participate or take these proceedings seriously. The costs and burdens to the Plaintiff are too great.

Defendants' Motions fail to meet the requirements of law. For all these reasons, Plaintiff requests that the Court deny the Defendants' Motion for Reconsideration, and award the Plaintiff costs.

Respectfully Submitted,

/s/ Scott G. Wolfe, Jr.
**SCOTT G. WOLFE, JR. (Bar Roll 30122)**
WOLFE LAW GROUP, L.L.C.
4821 Prytania Street
New Orleans, LA 70115
P: 504-894-9653 • F: 866-761-8934
Attorney for **Petitioner**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system. The CM/ECF participants will be notified electronically and the remaining parties shall be notified by mail, first class:

/s/ Scott G. Wolfe, Jr.
Scott G. Wolfe, Jr. LA Bar Roll# 30122, Attorney for Plaintiff