RECEIVED

NOV 2 0 2009
*kub*
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

MCR MARKETING, L.L.C.

versus

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

CIVIL NO. 08-1137
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court are two motions. In the first motion, the plaintiff, MCR

Marketing, L.L.C. ("MCR"), seeks a default judgment against Terry Hester

("Hester"), Regency Worldwide Development, Inc. and Regency Worldwide

Development, L.L.C. (collectively referred to herein as the "Regency defendants")

pursuant to Rule 55 of the Federal Rules of Civil Procedure. See Record Document

109. Hester filed the second motion presently before the court, entitled:

> Motion To Dismiss Any Motion For Default Judgment
> Against Defendant Terry Hester, Motion To Set Aside Any
> Entry Of Default And/Or Default Judgment Entered
> Against Defendant Terry Hester And Motion To Accept
> The Timely Filed Answer Of Defendant Terry Hester.

Record Document 131. MCR has filed a memorandum in opposition to this motion

from Hester. See Record Document 135. For the reasons which follow, MCR's

motion for default judgment is **GRANTED** in part and **DENIED** in part, and Hester's

1

motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

The circumstances giving rise to the plaintiff's several claims have been summarized by this court in previous rulings. See, e.g., Record Document 64. The following summary background focuses on the parties implicated in the pending motions.

On August 6, 2008, MCR filed a federal complaint. See Record Document 1. MCR subsequently amended this complaint several times, in part, to address deficiencies noted by the court. See Record Documents 3, 66 and 74. Several defendants were named in the amended complaint, including Hester and the Regency defendants.

Many of the defendants failed to initially respond. To date, no filing of any kind has been properly submitted to the court on behalf of either of the Regency defendants.

Hester, however, has played a fairly active role in these proceedings from the very beginning. Hester filed a motion to dismiss and/or transfer the complaint in October of 2008. This motion was denied in March of 2009. See Record Documents 4, 5, 64 and 65. In April of 2009, the attorney representing Hester[1] withdrew as counsel of record. See Record Documents 75, 82 and 83. The attorney explained that

---

[1] The attorney for Thomas Finlay ("Finlay"), another defendant in this case, also withdrew through these same motions on identical grounds. Like Hester, Finlay filed notice that he would proceed pro se. See Record Document 85.

2

he was retained only for the purposes of representing Hester in regard to the previously mentioned motion to dismiss and/or transfer. See Record Document 75. Thereafter, Hester filed a notice of intent to proceed pro se. See Record Document 84. The magistrate judge issued an order on May 28, 2009, granting Hester until June 15, 2009, to submit an answer to MCR's complaint. See Record Document 86.

On June 15, 2009, Hester attempted to file an answer on behalf of himself and the Regency defendants jointly. See Record Document 92. It appears that Hester may have attempted to file a joint response due to his apparent role as an officer or agent in these business entities.[2] Hester's answer was stricken from the record by the magistrate judge for two reasons. See Record Document 95. First, the magistrate judge noted that a person who is not an attorney admitted to the bar of this court may not sign a pleading on behalf of others, and a business entity may not appear pro se through one of its officers or other principals who is not an admitted attorney. See id. Second, this answer was filed on behalf of a party against whom a default had been entered. See Record Document 37 (a default had been recorded against Regency Worldwide Development, Inc.). The only permissible pleading from a party in default is a motion to set aside the default. On July 17, 2009, the magistrate judge issued an order explaining the aforementioned deficiencies, and granted Hester until August 3, 2009, to file a corrected answer, e.g., an answer submitted solely on his

_____

[2] Documents in the record indicate that Hester and Finlay were each officers of these two business entities. See, e.g., Record Document 12 (summons issued to Regency Worldwide Development, Inc. and Regency Worldwide Development, L.L.C. through its officer, Hester or Finlay); Record Document 1 at 2 (referring to one of these two business entities and Finlay and Hester "collectively" as the "Regency Group").

own behalf, addressing only the claims levied against him personally. See Record Document 95.

To this day, Hester has not filed a corrected answer. Instead, on October 19, 2009, Hester filed the motion currently pending before the court, in which he asserts that he is unaware of any order issuing after he attempted to file an answer on June 15, 2009, which states that "he was personally in default for filing an untimely answer or for otherwise failing to comply with Judge Hornsby's May 28, 2009 order." Record Document 131.

Acknowledging the magistrate's order of July 17, 2009, after Hester failed to file a corrected answer by August 3, 2009, MCR requested an entry of default as to Hester on August 11, 2009. See Record Document 98. On August 13, 2009, MCR also requested that the clerk enter a default as to the Regency defendants. See Record Document 103. Accordingly, the clerk entered a default against each of these parties. See Record Documents 100 and 105.

On August 25, 2009, MCR filed the motion which is currently pending before the court, requesting a default judgment against Hester and the Regency defendants. See Record Document 109. While the Regency defendants have not responded to MCR's motion for default judgment, Hester has filed a motion requesting that his default be set aside. See Record Document 131.

On November 9, 2009, a scheduling conference was held regarding this case. See Record Document 136. The court is aware that Hester and MCR participated in

this conference.  The Regency defendants did not participate in this conference.[3]

## II. ANALYSIS

In sum, a *default* has been entered against Hester and the Regency defendants, and MCR now moves this court to enter a *default judgment* against these parties.  See Record Document 109.  Hester requests that the court set aside his default, deny MCR's motion for default judgment as it pertains to him, and accept the answer he filed on June 15, 2009, as timely and valid.  See Record Document 131.

**A.     Default Language Introduction.**

The Fifth Circuit has explained that:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.  An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise.  Fed.R.Civ.P. 55(a).  After the defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a *default judgment*.

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).

---

[3] To the court's knowledge, Hester did not assert at this conference that he was serving as the representative for the Regency defendants. Furthermore, in accordance with the law set forth in the magistrate's ruling of July 17, 2009, in any case this court would not consider Hester's presence to be representative of the Regency defendants. See Record Document 95. Hester is a non-attorney defendant appearing pro se, and under established precedent he may not represent the fictional legal persons known as the Regency defendants in court proceedings. Id.

## B.    Standard Of Review.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause."  The court is " mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992).  The decision as to whether good cause exists in a particular case "is committed to the sound discretion of the trial court," and " necessarily is informed by equitable principles." Id. at 183-84.  Additionally, "[t]he Fifth Circuit has held that a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotations and citation omitted).

The Fifth Circuit has observed that when assessing good cause in the default setting, it is "useful to consider" three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." In re Dierschke, 975 F.2d at 183 (quoting United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)).  "These factors are not 'talismanic,' and [the courts] will consider others." CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992) (citing In re Dierschke, 975 F.2d at 184). Furthermore, "[t]he district court need not consider all of these factors." Id.  These factors are simply a "means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." In re Dierschke, 975 F.2d at 184.  However,

the Fifth Circuit has also held that a finding that a defendant willfully failed to answer may provide sufficient cause, without more, for the court to deny a motion to set aside a default. See id. at 184-85; see also Hargray v. City of New Orleans, No. 93-3111, 1993 WL 543412, at *1 (5th Cir. Dec. 17, 1993).

In applying these standards to the facts of this case, it should be noted that "courts universally favor trial on the merits" over an entry of default and/or a default judgment. In re Dierschke, 975 F.2d at 183 (quotations and citations omitted). In light of this judicial preference, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the [party moving to set aside default] to the end of securing a trial upon the merits." Beitel v. OCA, Inc. (In re OCA, Inc.), 551 F.3d 359, 371 (5th Cir. 2008) (quotations and citation omitted).[4]

## C.    Application Of The Governing Standards To This Case.

### 1.    The Regency Defendants.

As the court previously stated, from the initiation of this case to the present, no filing of any kind has been properly submitted to the court on behalf of either of the Regency defendants.[5]   Accordingly, a default was entered against the Regency defendants on August 14, 2009. See Record Document 105. There is simply no

---

[4] The panel in In re OCA, Inc. was reviewing a decision by the lower court denying a motion to set aside a *default judgment*. See In re OCA, Inc., 551 F.3d at 369. In its analysis, the court noted that "courts apply essentially the same standard to motions to set aside a default and a judgment by default. Yet, we have also stated that the former is more readily granted than a motion to set aside a default judgment." Id. at 370 (quotations and citations omitted).

[5] As previously noted, while Hester attempted to file an answer on behalf of both himself and the Regency defendants, the magistrate judge correctly issued an order striking this deficient answer from the record. See Record Document 95.

indication that these entities intend to present a defense. As the record clearly shows that these parties have received notice of these proceedings, the court finds that this failure to respond in any manner to the pending litigation is willful and intentional. See In re OCA, Inc., 551 F.3d at 371 n. 32 (explaining that a willful default is an intentional failure to respond to litigation). The court perceives that there is no good cause to justify the Regency defendants' failure to respond to MCR's complaint. Given these findings, the court hereby grants MCR's motion for default judgment as to the Regency defendants.

MCR has incorporated a sworn statement of damages into the instant motion for default judgment. See Record Document 109 at 14-15. However, the court finds that the amount of damages in the instant matter is not a sum certain or a sum that can be made certain by computation. Calculation of the appropriate amount of damages and the entry of judgment in this regard is deferred until trial on the merits. If all other claims are resolved without the need for a trial, MCR may request a hearing to present evidence of damages.

### 2.    Hester.

The court now turns to address the pending motions regarding Hester. At the outset, the court recognizes that Hester failed to respond to Magistrate Judge Hornsby's order of July 17, 2009, requiring him to file a corrected answer after his first attempted answer was deemed legally deficient. See Record Document 95. Accordingly, the clerk's entry of default was technically correct. See Record Document 100.

Unlike the Regency defendants, however, prior to the entry of default Hester submitted several filings to the court and consistently demonstrated an intent to present a defense and participate in the instant case. Shortly after the complaint was filed by MCR, Hester filed a motion to dismiss and/or transfer the case. See Record Documents 4 and 5. After the withdrawal of his counsel, Hester filed a notice signaling his intent to represent himself in this case. See Record Document 84. On June 15, 2009, Hester attempted to file an answer to MCR's complaint, but this answer was stricken for several reasons, as previously explained. See Record Documents 92 and 95. Subsequent to the entry of default, Hester filed a motion to set aside the default, and Hester participated in the scheduling conference before Magistrate Judge Hornsby on November 9, 2009. See Record Document 131.

In his motion to set aside the default, Hester professes that he still believes the answer he filed on June 15, 2009, is procedurally proper, and claims that he was unaware that Judge Hornsby's July 17 order had invalidated this answer. He also asserts that he was unaware of any "order" placing him in default. See Record Document 131.

The balance of factors favors granting Hester's motion to set aside the default. The court believes that Hester's actions and arguments reflect the misconceptions and misunderstandings of a pro se defendant with no legal education; they do not reflect an intentional or willful failure to respond to litigation. Though the answer he submitted on June 15, 2009, was correctly stricken from the record, the court notes that in the stricken answer Hester asserted twenty defenses and three affirmative

defenses.  It is clear that Hester made an earnest effort to offer a substantive opposition to MCR's complaint.  The court does not believe that MCR will suffer prejudice as a result of this ruling.  This case has continued to progress despite Hester's actions.  A scheduling conference was held in this case on November 9, 2009, and a scheduling order has issued setting a trial date and the appropriate preliminary deadlines.  This ruling favors a trial on the merits, and thus finds strong support in the governing authorities.

## III. CONCLUSION

For the reasons set forth above, MCR's motion for default judgment (Record Document 109) is **GRANTED** as to the Regency defendants, but **DENIED** as to Hester. However, the court finds that the amount of damages claimed by MCR in the instant matter is not a sum certain or a sum that can be made certain by computation. Calculation of the appropriate amount of damages and the entry of judgment in this regard is deferred until trial on the merits.  If all other claims are resolved without the need for a trial, MCR may request a hearing to present evidence of damages.

Hester's motion to set aside the default (Record Document 131) is **GRANTED**, however, in all other respects his motion is **DENIED**.  Furthermore, Hester is **ORDERED** to file a corrected answer to MCR's complaint with this court by December 8, 2009.  As previously explained, the answer Hester filed on June 15, 2009, is unacceptable and has been stricken from the record. Hester's corrected pro se answer may be identical to the previous answer submitted except that it must be submitted on behalf of Hester alone and not on behalf of the Regency defendants.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this the 19th day of November, 2009.

_____
JUDGE TOM STAGG