RECEIVED

MAR 0 1 2010
*llB*
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

MCR MARKETING, L.L.C.

versus

CIVIL NO. 08-1137
JUDGE TOM STAGG

REGENCY WORLDWIDE
SERVICES, L.L.C., ET AL.

## MEMORANDUM RULING

Before the court is a motion filed by the plaintiff, MCR Marketing, L.L.C.

("MCR"), seeking a default judgment against defendant Terry Hester ("Hester")

pursuant to Rule 55 of the Federal Rules of Civil Procedure. See Record Document

154. For the reasons which follow, MCR's motion for default judgment is

**GRANTED**.

## I. BACKGROUND

The circumstances giving rise to the plaintiff's several claims have been

explained in a previous ruling. See Record Document 64. This is the second motion

for default judgment filed by MCR against Hester. See Record Document 109. The

first motion for default judgment was submitted after Hester's initial answer to

MCR's complaint was stricken from the record due to various deficiencies and Hester

failed to file a corrected answer in accordance with Magistrate Judge Hornsby's order

1

of July 17, 2009. See Record Documents 95, 100 and 138. Hester countered this first motion for default judgment by filing a motion to set aside the entry of default. See Record Document 131. This court reviewed the entire record of this case and found evidence that Hester intended to participate in the case and present a substantive defense. See Record Document 138. The court concluded that Hester's failure to comply with the magistrate judge's order of July 17, 2009, was most likely based on the "misconceptions and misunderstandings of a pro se defendant with no legal education," and that the defendant's actions did not necessarily evince "an intentional or willful failure to respond to litigation." Id. Based on these findings, in the interest of promoting a trial on the merits, the court denied MCR's first motion for default judgment, and granted Hester's motion to set aside the default in order to provide Hester with yet another opportunity to file a corrected answer to MCR's complaint. See id. This court ordered Hester to file his corrected answer to MCR's complaint by December 8, 2009. See id.; Record Document 139. Hester has failed to comply with this order. Accordingly, Hester was once again placed in default on January 4, 2010. See Record Document 152. Thereafter, MCR filed the present motion for default judgment against Hester on January 21, 2010. See Record Document 154. A notice was mailed to Hester on January 22, 2010, inviting him to file an opposition to the pending motion for default judgment. See Record Document 155. No opposition has been received, and therefore the court will consider the motion for default judgment unopposed. See id.

2

## II. ANALYSIS

The court finds that there is no good cause to justify Hester's failure to comply with this court's order of November 20, 2009, directing him to file a corrected answer to MCR's complaint by December 8, 2010.  See Record Documents 138 and 139. This court has gone to great lengths to provide Hester with every opportunity to participate in this civil action.  Hester, however, has squandered these opportunities, and has continued to disobey the orders of the court.

## III. CONCLUSION

Based on the foregoing analysis, MCR's motion for default judgment against Hester (Record Document 154) is **GRANTED**. However, the court finds that the amount of damages claimed by MCR in the instant matter is not a sum certain or a sum that can be made certain by computation.  Calculation of the appropriate amount of damages and the entry of judgment in this regard is deferred until trial on the merits.  If all other claims are resolved without the need for a trial, MCR may request a hearing to present evidence of damages.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 1st day of March, 2010.

_Tom Stagg_

JUDGE TOM STAGG

3